# No. 19-2734

# In the United States Court of Appeals For the Third Circuit

JANE DOE

Plaintiff-Pro Se Appellant

v.

MERCY CATHOLIC MEDICAL CENTER

Defendant-Appellee

**On Appeal from the U.S. District Court for the Eastern District of Pennsylvania (Baylson, J.) Civil Action No. 2:15-cv-02085-MMB**

**APPELLANT'S REPLY IN OPPOSITION TO MERCY'S BRIEF**

Jane Doe

*Pro Se Appellant-Plaintiff*

# I. CONTINUATION OF MERCY'S FRAUD ON COURT WITH COUNTER-STATEMENT OF THE CASE

In all adversarial proceedings, litigants have a duty of full disclosure and honesty with the court. However, as part of their tactics to Mercy and their Counsels are not only repeating their ongoing fraudulent actions but are continuing with increasing their fraudulent actions. In this content, Mercy and their Counsels' counter statement of the case is not only repetition of their fraudulent actions at the District Court, however, now with further falsified evidence, "Fraud on the Appeal Court. "

Some of the examples of additional fraudulent action of Mercy and their Counsels, not limited but, are as follows:

Mercy and their Counsels continue with their false claims with describing ***Appellant's innocent protection effort from Dr. Roe's sexual harassment and his, and Mercy's constant retaliation,*** as " unprofessionalism," to justify their , fraudulent actions, is only continuation of their constant retaliation, spoliation of evidence and fraud on the court.

In November 2011, Dr. Doe's text messages were sent Dr. Roe, while both were in Chicago at a radiology conference. Since before the conference, Dr. Roe informed Dr. Doe about his flight to Chicago, Dr. Doe was aware of their location, and sent all text messages, while she was sure both were out of the professional environment and in an "unprofessional environment."

Mercy and their Counsels stating in 2013 Dr. Doe was called "to congratulate her on receiving the fellowship and to reaffirm his commitment that Doe receive a spot in the fellowship program. Mercy's own documentation demonstrates Dr. Doe was already accepted to fellowship program when she was

2

accepted to her radiology residency (MCMC 1374a). Any action to interfere Plaintiff' already awarded fellowship position, especially with the intent of sexual harassment and retaliation, only proves accuracy of the Appellant's claims.

Mercy and their Counsels repeats their false claim of Dr. Roe's wanted Dr. Doe to be more focused on her clinical practice. Dr. Doe was already a highly successful clinician before her radiology residency, and still has been a very successful clinician, these claims are only continuation of their intimidation and falsification, and only proves accuracy of the Appellant's claims (Doe's 9/25/2018 Dep 20:77, 25:100, 26:101, 11/2/2018 Dep 46:183, 57:227, 69:273, 71:282, 77:305, 87:246) .

## II. VIOLATION OF RULE 26(g) OF THE FEDERAL RULES OF CIVIL PROCEDURE

With their oversized appendix, and repetition of the same and further spoliated evidence, and claims, Mercy and their Counsels, not only proving their "Fraud on the Federal Court," at the District Court, but also proving their abusive discovery abuse with spoliation of evidence, perjury, harassment, threats, and interference with depositions. Abusive discovery includes, among other things, expensive and time consuming "inundation . . . with tons of motions, interrogatories, document requests, deposition notices and other pre-trial disputes."

This rule—"[o]ne of the most important rules, which states "every discovery request, response, or objection be signed by at least one attorney of record, . . . or by the [client], if unrepresented." The signature "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry," the discovery is complete and correct, and that the discovery request, response, or objection is (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for

establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a lawyer or party makes the certification required by Rule 26(g) that violates the rule, the court "must" impose an appropriate sanction, which may include an order to pay reasonable expenses and attorney's fees caused by the violation.

Mercy and their lawyers, still insist to continue with their intent to outsmart not only the Appellant, but also judicial system, USA government and the state of Pennsylvania, which in reality only proves their fraudulent actions, their disrespect to the judicial system, and state and federal laws.

https://scholars.law.unlv.edu/cgi/viewcontent.cgi?article=1674&context=nlj

https://www.law.ua.edu/pubs/jlp_files/issues_files/vol03/vol03art15.pdf

https://www.law.cornell.edu/rules/frcp/rule_26

https://scholars.law.unlv.edu/cgi/viewcontent.cgi?article=1674&context=nlj

### III. CONTINUATION OF VIOLATION OF LAWYER'S PROFESSIONAL CONDUCT

At a foot note, Mercy argues This Honorable Court should reject Plaintiff's correct statements about this case, claiming they were not discussed by Plaintiff's lawyers before. However, the Plaintiff, herself discussed with the falsified documentation with Mercy's Counsels in details during her deposition, which is available to this Honorable Court. Federal courts may not address arguments not raised in briefs, not sufficiently fleshed-out within the briefs, raised for the first

time in reply briefs, raised for the first time at oral argument, or even if a court determines that a party failed to present an argument at the "first possible time."

Plaintiff has been discussing the falsified documents at every possible opportunity. While the Supreme Court in Singleton v. Wulff announced that the "general rule" is that "a federal appellate court should not consider an issue not passed upon below[,]" at the same time the Court held that "[w]e announce no general rule." The Court noted that appellate courts may address untimely issues in certain situations, including "where the proper resolution is beyond any doubt" or "where 'injustice might otherwise result.'" As will be discussed further, there are numerous other instances in which courts have addressed new issues. These "exceptions" are applied not only in the context of limited appellate review, but also in the general context of court consideration of issues that parties have failed to timely raise.

https://supreme.justia.com/cases/federal/us/428/106/#:~:text=Wulff%2C%20428%20U.S.%20106%20(1976)&text=Standing%20arises%20if%20the%20person,suing%20on%20its%20own%20behalf.

Furthermore, during her deposition, Appellant discussed with Mercy's Counsels, the details of falsified document, spoliation of evidence, perjury and the violation of Lawyer's Professional Conduct by Mercy's Counsels. The Supreme Court's decision, should be utilized by this Honorable Court for investigation of further details of this case:

**IV. THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER DOE WAS SUBJECTED TO QUID PRO QUO SEXUAL HARASSMENT**

In **Doe v. Mercy Catholic Medical Center**, the Third Circuit noted that "[Q]uid pro quo sexual harassment — i.e., when tangible adverse action results

from an underling's refusal to submit to a higher-up's sexual demands — is, by its very nature, intentional unequal treatment based on sex." In addition to the facts presented, the ongoing actions of Mercy and their Counsels' actions, further proves the "Quid Pro Quo Sexual harassment" by Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church.

## V. THERE IS A GENUINE ISSUE OF MATERIAL FACTS AS TO WHETHER APPELLANT WAS SUBJECTED TO RETALIATION FOR A JURY TRIAL

Ongoing actions and this response brief further prove the ongoing retaliation for the last ten years and should be considered as "retaliation" by Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church.

## VI. THERE IS A GENUINE ISSUE OF MATERIAL FACTS AS TO WHETHER APPELLANT WAS SUBJECTED TO HOSTILE EDUCATIONAL ENVIRONMENT FOR A JURY TRIAL

Under Title IX, hostile educational environment is described as:

- Hostile educational environment, meaning "unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient[] [school's] education program or activity";

Presented facts clearly demonstrate, Dr. Roe and Mercy actions severe, pervasive, and objectively offensive that it effectively denies a person equal access to the recipient[] [school's] education program or activity, including reinstatement of her radiology residency or her acceptance to another educational program. Furthermore, with continuous retaliation, Mercy, their Counsels, Trinity Health,

Archdiocese of Philadelphia, and The Roman Catholic Church continues to create hostile work environment at Appellant's current employment.

This Honorable Court should reinstate Appellant's hostile work environment claims, and further extend them to Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church.

https://www2.ed.gov/about/offices/list/ocr/docs/titleix-regs-unofficial.pdf

https://www.hhs.gov/civil-rights/for-individuals/special-topics/harassment/index.html#:~:text=Title%20IX%20requires%20recipients%20to,%2C%20creates%20a%20hostile%20environment).

Furthermore, this Honorable Court should consider Mercy and their counsels ongoing actions, as the evidence for investigation of the following fraudulent actions for Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church:

**VII. VIOLATION OF APPEALLANT'S CONSTITUTIONAL RIGHTS**

Constitutional violations can occur regardless of the size of the business or educational institution. In 2018, the US Supreme Court issued decisions on cases related to a baker, labor unions, cell phone companies, internet retailers, a political party, an athletic association and others.

More recent decisions continue to demonstrate that there is much work needed to redress constitutional violations. In *Masterpiece Cakeshop v. Colorado Civil Rights Commission,* the US Supreme Court reaffirmed that business owners cannot deny equal access to goods and services. In that particular case, a small cake shop owner invoked religious freedom as a justification to discriminate.

It has been clearly proven Appellant's constitutional rights have been violated by Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church.

https://law.stanford.edu/wp-content/uploads/2018/04/Timor-Leste-Constitutional-Rights.pdf

https://www.americanbar.org/groups/crsj/publications/human_rights_magazine_home/the-ongoing-challenge-to-define-free-speech/not-a-masterpiece/

## VIII. VIOLATION OF APPEALLANT'S CIVIL RIGHTS

Civil rights are essentially human rights protected by our laws. Undignified and unjust acts should never be tolerated under any circumstances. Slavery, segregation, and other social panaceas have been prohibited after ordinary citizens challenged the social norms and sought to be protected under the rights established in the Constitution.

While this may seem straightforward, it can be very confusing because civil rights violations are not expressly defined under the Constitution.  The Constitution has been modified by amendments and interpreted differently through tried cases – new and complex challenges to existing case law have recently been tried at the Supreme Court.  Criminal or civil violations continuously raise new questions of civil rights. The amendments approved by Congress and incorporated into the Constitution are undeniable human rights established in the Bill of Rights.

It has been clearly proven Appellant's civil rights have been violated by Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church.

https://civilrights.justice.gov/

https://www.justice.gov/crt/us-department-justice-civil-rights-division-accomplishments-2009-2012

## IX. CRIMINAL CONSPIRACY

Conspiracy is defined as an agreement between two or more people to commit a crime, and a member of a conspiracy can be held vicariously liable for the crimes of his co-conspirators. To hold conspirators liable, they must intend to enter into an agreement, and they must intend to achieve the objective of the agreement. The agreement need not be express, and the agreement and intent may be manifested by the conspirators' concerted actions over time and under the circumstances. Also, it is not necessary that all of the co-conspirators know each other or agree with each other. If each co-conspirator shares the common goal(s) of the larger conspiracy, then each may be considered a Legal Causes of Action in General Recovering the Proceeds of Fraud member of the larger conspiracy even if a conspirator's agreement was only with some of the coconspirators.

It has been clearly proven Mercy, their Counsels, Trinity Health, Archdiocese of Philadelphia, and The Roman Catholic Church have been involved not only conspiracy to the Appellant, but also judicial system, USA Government and the State of Pennsylvania.

https://www.fletc.gov/audio/federal-conspiracy-law-mp3

## X. VIOLATION of 18 U.S. Code § 1002., 8 U.S. Code § 287., and 18 U.S.C. § 1001

"Whoever, knowingly and with intent to defraud the United States, or any agency thereof, possesses any false, altered, forged, or counterfeited writing or document for the purpose of enabling another to obtain from the United States, or from any agency, officer or agent thereof, any sum of money, shall be fined under this title or imprisoned not more than five years, or both."

(June 25, 1948, ch. 645, 62 Stat. 749; Pub. L. 103–322, title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 2147.)

It has been clearly proven that by falsification of the Appellant' s personal residency file and the termination documents, Mercy and Trinity Health knowingly and with intent to defraud the United States, at least via Medicare and Medicaid payments. Medicare and Medicaid provide health insurance to millions of Americans. These government programs are paid for, at least in part, by the federal government. Specific federal laws criminalize making false claims in a Medicaid or Medicare claim (18U.S.C. section 287), making false statements (18U.S.C. section 1001), as well as related activity. 18 U.S.C. § 1001 - U.S. Code.

https://www.law.cornell.edu/uscode/text/18/1002

## XI. 18 U.S. CODE § 1347. HEALTH CARE FRAUD

**(a)** Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—

**(1)** to defraud any health care benefit program; or

**(2)** to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,

This law is very broad, applying when anyone makes an attempt to defraud any health care benefits program with the intent to gain control of money or property. The federal law applies in all states regardless of whether state law punishes health care fraud as a crime. It has been clearly proven Mercy and Trinity Health violated 18 U.S. Code § 1347, with Trinity Health, Archdiocese of Philadelphia and the Roman Catholic Church (MCMC 1363a).

https://www.govinfo.gov/app/details/USCODE-2011-title18/USCODE-2011-title18-partI-chap63-sec1347

## XII. CONCLUSION

For all the reasons set forth above, Appellant respectfully requests that this Honorable Court affirm *Mercy's 'Fraud on Court,'* and other facts included in Appellant's reply brief, and return her case to the District Court for further evaluation of above mentioned fraudulent actions for all mentioned Defendants.

# CERTIFICATE OF SERVICE

I, Jane Doe, Appellant, hereby certify that on this 14th day of November 2020 A true and correct copy of Appellants' Reply in Opposition to Appellee, Mercy's Brief was served via ECF, upon the following parties:

A. James Johnston, Esq.
Andrea M. Kirshenbaum, Esq.
Kate A. Kleba, Esq.
Post & Schell
1600 John F. Kennedy Boulevard Four Penn Center,
13th Floor Philadelphia, PA 19103

David E. Renner, Esq.
Post & Schell
301 Grant Street
One Oxford Centre, Suite 3010 Pittsburgh, PA 15219

The electronic filings are identical to the paper filings.

I further certify that I have checked these filings and they have been scanned for viruses by a virus protection program, and they are free of any viruses.

Jane Doe,
Pro Se Appellant